UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PENNY BUSSING,

        Plaintiff,                        Hon. Ellen S. Carmody

v.                                                 Case No. 1:16-CV-999

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 9). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

# STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 45 years of age on her alleged disability onset date. (PageID.169). She successfully completed high school and worked previously as a fast food manager. (PageID.43). Plaintiff applied for benefits on December 5, 2013, alleging that she had been disabled since March 1, 2013, due to diabetes, neuropathy, arthritis, pulmonary embolus, chronic obstructive asthma, coronary atherosclerosis, high blood pressure, and high cholesterol. (PageID.169-70, 192). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.98-163). On January 16, 2015, Plaintiff appeared before ALJ James Prothro with testimony being offered by Plaintiff and a vocational expert. (PageID.51-96). In a written decision dated February 13, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.34-45). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (PageID.23-27). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

4

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) lumbar degenerative disc disease with L4-L5 annular tear and history of microdiscectomy at L5-S1; (2) asthma/tobacco abuse; and (3) diabetes mellitus type II with neuropathy, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.36-40). With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can occasionally climb, balance, and push/pull with her lower extremities; (2) she must use a cane for walking; and (3) must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (PageID.40).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a

significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 18,900 jobs in the state of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.89-91). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).

I.  **The ALJ Properly Evaluated the Opinion Evidence**

On January 13, 2015, Dr. Saundra Blanchard offered the opinion that Plaintiff was "permanently disabled" due to her various impairments. (PageID.614-16). The ALJ afforded "little weight" to Dr. Blanchard's opinion. (PageID.42-43). Plaintiff argues that she is entitled to relief on the ground that the ALJ failed to articulate sufficient reasons for discounting the opinion of her treating physician.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v.*

*Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

In support of her conclusion that Plaintiff is "permanently disabled," Dr. Blanchard reported that Plaintiff experiences 8/10 level pain which is "constant." (PageID.614). The doctor reported that Plaintiff's upper extremity symptoms have progressed to the point that Plaintiff is no longer able to hold on to items. (PageID.614). Dr. Blanchard reported that Plaintiff is unable to walk any distance without pain, can sit for only 15 minutes, cannot even lift a gallon of milk, and has to lie down every 30 minutes. (PageID.615-16). The doctor reported that Plaintiff "is totally unable to straighten her arms at the elbows" and cannot even lift her arms to shoulder level. (PageID.616). Dr. Blanchard further reported that Plaintiff would be "off task" ninety (90) percent of the time. (PageID.616).

As the ALJ recognized, the medical record and Plaintiff's treatment history, including Dr. Blanchard's own treatment notes, are contrary to the doctor's opinions. Plaintiff underwent microscopic discectomy surgery in 2002. (PageID.272). On May 25, 2012, Plaintiff's surgeon recommended that Plaintiff "undergo an aggressive rehabilitation program emphasizing range of

8

motion, flexibility and strengthening." (PageID.272). An MRI of Plaintiff's lumbar spine, performed on June 1, 2012, revealed "no evidence of free disc fragment or disc extrusion" and a "residual disc bulge" at L5-S1 "with no significant canal narrowing." (PageID.274).

The results of a July 25, 2012 physical examination were unremarkable. (PageID.604). The results of a November 7, 2012 physical examination were likewise unremarkable. (PageID.601). X-rays of Plaintiff's chest, taken June 21, 2013, revealed "no evidence of acute intrathoracic disease." (PageID.584). On December 9, 2013, Plaintiff participated in a peripheral arterial study the results of which were "normal." (PageID.396).

The results of several subsequent physical examinations were unremarkable. (PageID.488-91, 462-66, 454-61). X-rays of Plaintiff's cervical spine, taken December 29, 2014, were "negative." (PageID.581). On December 31, 2014, Plaintiff participated in an EMG examination the results of which revealed that she was experiencing "mild" carpal tunnel syndrome with "no evidence of cervical radiculopathy." (PageID.597). Testing performed on January 13, 2015, revealed that Plaintiff was experiencing "very mild L5 radiculopathy." (PageID.618).

In sum, the ALJ's rationale for discounting Dr. Blanchard's opinions is supported by substantial evidence. Accordingly, this argument is rejected.

**II.      The ALJ Properly Assessed Plaintiff's Credibility**

At the administrative hearing, Plaintiff testified that she was more limited than the ALJ recognized. Specifically, Plaintiff testified that her feet are always numb and that she cannot sit for longer than 15 minutes or stand for longer than 10 minutes. (PageID.75-76). Plaintiff testified that she could walk "about a block" before experiencing "pretty excruciating" pain.

9

(PageID.76). Plaintiff reported that after "probably about 10 minutes" of activity she has to lay in a recliner with her legs elevated for 45 minutes to recover. (PageID.76-77). Plaintiff reported that she also has to take two naps daily of 45-60 minutes duration. (PageID.78-79). Plaintiff testified that she can lift 2-3 pounds. (PageID.80). Plaintiff reported that her medications cause her to feel sleepy and lightheaded. (PageID.81). The ALJ discounted Plaintiff's subjective allegations. (PageID.41-42). Plaintiff argues that she is entitled to relief because the ALJ's rationale for discounting her allegations is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

10

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

With respect to Plaintiff's testimony that she needed to spend significant periods of time each day reclining with her legs elevated, the ALJ observed that Dr. Blanchard reported that Plaintiff "does not need her legs elevated." (PageID.615). Also, the medical evidence does not support Plaintiff's allegations, as the ALJ recognized. The ALJ's observations are supported by and

11

are consistent with the evidence of record. While Plaintiff argues that the ALJ could have weighed the evidence differently, the question is not whether a different interpretation of the evidence would be supported, but instead whether the ALJ's assessment is supported by substantial evidence. Because the ALJ's assessment is supported by substantial evidence, this argument is rejected.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date: June 13, 2017                        /s/ Ellen S. Carmody
                                                           ELLEN S. CARMODY
                                                           United States Magistrate Judge